Filed 2/21/24  P. v. Gutierrez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO GUTIERREZ,<br><br>    Defendant and Appellant. | D082275<br><br><br>(Super. Ct. No. SCS314489) |

APPEAL from a judgment of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Alejandro Gutierrez, in pro. per.; and Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Alejandro Gutierrez appeals from a judgment following his jury conviction on one count of unlawfully driving a stolen vehicle (Veh. Code, § 10851, subd. (a)) and one count of unlawfully receiving a stolen motor

vehicle (Pen. Code, § 496d)[1] and true findings by the jury that he had a prior strike conviction within the meaning of Penal Code sections 667, subdivisions (b) through (i), 1170.12, and 668 and was out on bail when he committed the Vehicle Code section 10851, subdivision (a) offense (Pen. Code, § 12022.1, subd. (b)).  The trial court sentenced Gutierrez to a total term of four years in prison.

On appeal, Gutierrez's counsel filed an opening brief that raised no argument for reversal of the judgment and requested that we independently review the record for error as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  To assist us in our review, his counsel identified five possible, but not arguable, issues: (1) did the trial court err by finding Gutierrez voluntarily absented himself pursuant to section 1043, subdivision (b)(2) when he did not appear on the second day of trial? (2) did the court err by giving CALCRIM No. 372 regarding flight? (3) did the court err by giving CALCRIM No. 225 rather than CALCRIM No. 224 on consideration of circumstantial evidence? (4) did the prosecution fail to prove the stolen vehicle was worth more than $950? and (5) did the court abuse its discretion by not striking the prior strike conviction allegation pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*)?

We granted Gutierrez permission to file a supplemental brief on his own behalf.  He submitted a three-page handwritten supplemental brief raising four issues, which we discuss below.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record on appeal and have concluded there are no reasonably arguable issues.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

We have also considered each of the contentions raised in Gutierrez's supplemental brief and will explain why we reject his contentions. (*People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).) Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

An information charged Gutierrez with the two counts described above and alleged that he had a prior strike conviction and was out on bail when he committed the Vehicle Code section 10851, subdivision (a) offense. Gutierrez was released on bail pending his jury trial.

On May 10, 2022, Gutierrez appeared in person during jury voir dire. A jury was selected and the trial court ordered Gutierrez to return at 8:45 a.m. the following day.

On May 11, Gutierrez did not appear as ordered. When the court asked his defense counsel whether she had heard from him, she replied that she had not. At 9:04 a.m., the court ordered that his bond be forfeited and issued a warrant for his arrest. After a 10-minute break, the court stated that its database search showed Gutierrez was not in custody. His defense counsel stated that she had tried to contact him, but received no response. Although she had no information that he was ill, she recalled that he had blown his nose excessively the day before. Over his counsel's objection, the court found that he had voluntarily absented himself from trial and proceeded with the trial in his absence pursuant to section 1043, subdivision (b)(2).

Over his counsel's objection, the court stated that it would instruct the jury on flight with CALCRIM No. 372. Proceeding with the trial, the court informed the jury: "As you may notice, Mr. Gutierrez is not here with us today. We're going to proceed in his absence. You will be later instructed as to the law regarding his absence, but for now we're going to proceed without

3

him." After counsel gave their opening statements, the prosecutor presented several percipient witnesses and offered in evidence photographs and other documentary evidence in support of the charges against Gutierrez. In particular, the prosecution presented evidence showing that at about 1:30 a.m. on March 7, 2020, a California Highway Patrol officer was dispatched to the San Ysidro port of entry where Gutierrez had been detained by a customs agent while driving a motorcycle. The officer found that the motorcycle's ignition had been "punched." Its license plate was missing and its federal specification label had been tampered with. Gutierrez did not have any paperwork for the motorcycle. The parties stipulated that Fernando Romero was the registered owner of the motorcycle. The prosecution then rested its case.

After a lunch break, out of the jury's presence, Gutierrez's defense counsel called a witness for an Evidence Code section 402 hearing. The witness then exercised her Fifth Amendment right not to testify. Citing the witness's invocation of her Fifth Amendment right, the court found that she was an unavailable witness, declined to exercise any authority it had to grant the witness any type of immunity, and stated that, in any event, it did not believe it had such authority. It further declined his defense counsel's request that it order the prosecution to grant immunity to the witness. The witness was then excused.

After discussing proposed jury instructions with counsel out of the jury's presence, the jury returned and Gutierrez's counsel stated that she would not present any witnesses in his defense. The court then instructed the jury and counsel gave their closing arguments. At about 3:47 p.m., the jury began its deliberations. At 4:02 p.m., the court adjourned the proceedings until the following day. At 4:20 p.m., the court was informed

4

that the jury had a verdict. The court excused the jury for the day and instructed them to return at 9:00 a.m. the following day to return its verdict.

At 9:05 a.m. on May 12, the proceedings resumed without Gutierrez's presence. At 9:30 a.m., the jury returned its guilty verdicts on the two counts against Gutierrez. The court then conducted the bifurcated jury trial on the information's related allegations against him. After the court gave its instructions, the jury began deliberations and then returned its second verdict in which it made true findings on the information's allegations. At 11:24 a.m., the court adjourned the proceedings.

Apparently in or about November, Gutierrez was apprehended and taken into custody and held without bail. At his continued sentencing hearing on April 26, 2023, the court asked his defense counsel whether she had an explanation for his absence during trial. His counsel noted that she had omitted any explanation from her mitigating statement and declined to give an explanation herself, but stated Gutierrez might be able to give one. Gutierrez then stated:

> "Your Honor, I apologize for my absence during the trial. I did fall ill, and I overslept. That's the bottom line. I overslept. By the time I looked at my messages, I was already convicted. I made a bad decision."

The court then imposed a total term of four years in prison on count one (Veh. Code, § 10851, subd. (a)), stayed execution of the two-year enhancement for the Penal Code section 12022.1, subdivision (b) allegation, and stayed imposition of a sentence for count two pursuant to Penal Code section 654.[2] In so doing, it implicitly denied his counsel's request that it exercise its

---

[2] The court also imposed various fines, fees, and restitution orders.

discretion to strike the prior strike conviction allegation.  Gutierrez appealed the judgment.

## DISCUSSION

### I

### *Gutierrez's Contentions*

On appeal, Gutierrez's appointed counsel filed an appellant's opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, setting forth the facts of the case and requesting that we independently review the entire record, but raising no arguable issues.  To assist us in our review, his counsel identified five possible issues, which we described above.  After we granted Gutierrez permission to file a supplemental brief on his own behalf, he submitted a three-page handwritten brief raising four contentions.  As required by our Supreme Court, we will now "describe[] the contentions personally raised by the defendant and the reasons those contentions fail." (*Kelly, supra,* 40 Cal.4th at p. 124.)  Our independent review of the record has not disclosed any other reasonably arguable issues and therefore we affirm the judgment. (*Wende*, at pp. 441–442; *Kelly*, at pp. 119, 126.)

A

*Voluntary absence from trial.* Gutierrez contends that the trial court erred by finding he was voluntarily absent from his trial and continuing the trial in his absence pursuant to section 1043, subdivision (b)(2). Section 1043, subdivision (b) provides in pertinent part: "The absence of the defendant in a felony case after the trial has commenced in their physical presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: [¶] . . . [¶] (2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent."

Here, as discussed above, Gutierrez appeared in person on the first day of his jury trial and was ordered to appear at 8:45 a.m. the following day. He did not appear on the second day of his trial, nor did he contact his defense counsel that day. The court's database search showed that he was not in custody. The court then found that Gutierrez had voluntarily absented himself from the trial and continued the trial in his absence pursuant to section 1043, subdivision (b)(2). Based on the above evidence, we conclude there is substantial evidence to support its finding.[3] (*People v. Espinoza*

---

[3]    Although we review the evidence before the court as of the time of its finding (i.e., May 11, 2022), we nevertheless note that Gutierrez did not thereafter give a credible explanation for his absence. As quoted above, at his sentencing on April 23, 2023 (11 months later), he simply asserted that he was ill and had overslept on the second day of his trial. Yet, he omitted any explanation as to why he did not contact his defense counsel when he awoke that day or during the ensuing six-month period until his apprehension and arrest in November 2022. Instead, at his sentencing on April 23, 2023, he claimed that when he viewed his messages, he had already been convicted. In his supplemental brief, he similarly asserts that by the time he awoke at about 11:30 a.m. and checked his messages, his counsel had left messages stating the court proceeded with the trial in his absence and the jury had convicted him. However, both explanations are *not credible* because the jury

7

(2016) 1 Cal.5th 61, 70, 74 (*Espinoza*) [substantial evidence standard applies in reviewing finding under § 1043, subd. (b)(2)].) In particular, there is substantial evidence to support underlying findings by the court that: (1) Gutierrez was aware of the proceedings taking place (i.e., his criminal trial); (2) he knew of his right and obligation to be present at his trial; and (3) he had no sound reason for his absence from the trial. (*Espinoza*, at p. 74.) We further conclude that the court did not abuse its discretion by then continuing the trial in his absence. (*Id*. at pp. 75–76.) Gutierrez has not carried his burden on appeal to show otherwise.

B

*Prosecutorial error*. Gutierrez contends that the prosecution committed misconduct because it charged him with a felony offense after he rejected its plea offer for two years' probation for a misdemeanor offense and he then exercised his right to a jury trial. We conclude that Gutierrez forfeited that contention by not timely raising it below. To preserve a claim of prosecutorial misconduct or error, a defendant must timely object. (Cf. *People v. Hinton* (2006) 37 Cal.4th 839, 863 (*Hinton*).) Here, by not timely objecting, Gutierrez did not allow the trial court to consider his claim of prosecutorial misconduct or error, create a proper record to evaluate the claim, assess whether there was any vindictiveness in the prosecution's charging decisions, or cure any harm that misconduct or error may have caused.

Even if the issue were preserved, however, there is nothing in the record to support Gutierrez's assertion that he was charged with felony

---

did not return its guilty verdicts until the third day of trial (i.e., on May 12, 2022). If a reasonable person had, in fact, overslept while being tried for felony offenses, it is inconceivable that he would oversleep for over 24 hours or, if on awakening earlier, would not check his messages or contact the court or his counsel as soon as possible.

8

offenses only after he rejected a misdemeanor plea offer by the prosecution. A prosecutor generally has the sole discretion to determine what charges to file and pursue and what punishment to seek. (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1133.) There is also no evidence in the record showing there was any actual prosecutorial vindictiveness in its charging decisions. Furthermore, because the purported change in the prosecution's charging decision occurred before trial, there is no presumption of prosecutorial vindictiveness. (*United States v. Goodwin* (1982) 457 U.S. 368, 381 [pretrial charging decisions by prosecutor are not presumed to be vindictive]; *People v. Michaels* (2002) 28 Cal.4th 486, 515 [same]; *People v. Bracey* (1994) 21 Cal.App.4th 1532, 1544 [same]; *People v. Lucious* (1984) 153 Cal.App.3d 416, 421–423.) Accordingly, we reject Gutierrez's claim of prosecutorial vindictiveness in charging him with felonies.

C

*Exculpatory statements.* Gutierrez contends that the prosecution also erred by not offering in evidence certain extrajudicial statements made by the witness who asserted her Fifth Amendment right not to testify, which statements he argues were exculpatory. In particular, he argues that the witness made statements to both the prosecution and defense investigators that she had sold the motorcycle to him. Once again, we conclude that Gutierrez forfeited that contention by not timely raising it below. (Cf. *Hinton, supra,* 37 Cal.4th at p. 863.) Gutierrez never argued in the trial court that the prosecution had a duty to present this evidence to the jury. Although the prosecution has a duty to disclose exculpatory evidence to the defense (*Brady v. Maryland* (1963) 373 U.S. 83), it has no duty to present such evidence to the jury at trial as part of its own case.

9

To the extent Gutierrez is arguing that the trial court should have granted the witness use immunity and compelled the witness to testify, we conclude that the court correctly found that it did not have any authority to grant immunity to her. (*People v. Masters* (2016) 62 Cal.4th 1019, 1051 [California courts have no authority to confer use immunity on witnesses].) Alternatively, to the extent he is arguing that the prosecution committed misconduct or error by not granting immunity to the witness, we disagree. Based on our review of the record, we conclude that there is nothing showing that the witness's testimony was either clearly exculpatory (i.e., would exonerate Gutierrez of guilt) or essential. (*People v. Hull* (2019) 31 Cal.App.5th 1003, 1024.) In particular, it appears from the witness's extrajudicial statements to defense and prosecution investigators, and a screenshot of the Craigslist ad for the motorcycle that she purportedly sold to Gutierrez, that he was driving a different model of motorcycle when apprehended at the border than the motorcycle she purportedly sold to him. Accordingly, as in *Hull*, we conclude that Gutierrez "has failed to establish that the refusal to grant immunity was a distortion of the factfinding process amounting to a due process violation." (*Id.* at p. 1029.)

## D

*Failure to strike his prior strike conviction.* Gutierrez contends that the trial court abused its discretion under section 1385 and *Romero*, *supra*, 13 Cal.4th 497 by not striking the prior strike conviction allegation. In particular, he argues that because his prior strike conviction was 27 years old and his instant offenses were not violent or serious offenses, the court should have exercised its discretion and stricken the prior strike conviction allegation.

10

"A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited." (*Romero*, *supra*, 13 Cal.4th at p. 530.) The court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable." (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.)

Here, the prosecution submitted a sentencing brief and statement in aggravation, which argued that the court should *not* exercise its discretion under section 1385 and *Romero* to strike the prior strike conviction allegation in the furtherance of justice. In so arguing, it cited Gutierrez's lengthy criminal record (which included his 1996 conviction for attempted murder), commission of crimes while serving a 14-year prison term, and repeated violations of his parole and commission of offenses after his release from prison in 2011. It argued that although his prior strike conviction was from 1996, he spent a majority of his time thereafter in prison and had only a five-year period thereafter during which he appeared to be law-abiding. We presume that the trial court considered, among other things, Gutierrez's criminal record and the prosecution's argument in declining to exercise its discretion to strike the prior strike conviction allegation. In so doing, we conclude that the trial court did not abuse its discretion.

11

## II

### *Wende Review*

In addition to our disposition above of the contentions raised by Gutierrez in his supplemental brief, we have also considered the potential issues listed by his appellate counsel and conducted an independent review of the record on appeal pursuant to *Wende* and *Kelly*.  Based on our review, we conclude there are no arguable appellate issues and affirm the judgment. (*Wende, supra,* 25 Cal.3d at pp. 441–442; *Kelly, supra,* 40 Cal.4th at pp. 119, 126.)  Gutierrez was competently represented in this appeal.

### DISPOSITION

The judgment is affirmed.


BUCHANAN, Acting P. J.

WE CONCUR:



KELETY, J.



RUBIN, J.